# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MARCOS SANCHEZ,

      Plaintiff,

vs.
                                 Nos. CIV 15-1188 JB/SMV
                                      CR 04-1685 JB

UNITED STATES OF AMERICA,

      Defendant.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGSISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOTITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed December 23, 2016 (CR Doc. 122; CIV Doc. 17)("PF&RD"). On the Court's reference, Order of Reference Relating to Prisoner Cases, filed June 8, 2016 (CR Doc. 106; CIV Doc. 2), the Honorable Stephan M. Vidmar, United States Magistrate Judge, recommended denying: (i) Defendant Marcos Sanchez's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. [§] 2255 (and *Johnson v. United States*), filed October 23, 2015 (CR Doc. 104; CIV Doc. 1)("Motion"); and (ii) the Defendant's Amended Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255, filed August 8, 2016 (CR Doc. 112; CIV Doc. 7)("Amended Motion"). Defendant Marcos Sanchez objected to the PF&RD on January 25, 2017. See Mr. Sanchez's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition, filed January 25, 2017 (CR Doc. 127; CIV Doc. 22)("Objections"). Plaintiff United States of America neither objected to the PF&RD nor responded to Sanchez' Objections. On de novo review of the portions of the PF&RD to which Sanchez objects, the Court will: (i) overrule the objections; (ii) adopt the PF&RD; (iii) deny

Sanchez' Motion; (iv) deny Sanchez' Amended Motion; and (v) dismiss case No. CIV 15-1188 JB/SMV with prejudice.

## FACTUAL BACKGROUND

On August 25, 2004, Sanchez was charged with one count of being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2).  See Presentence Report at 2 ("PSR").  On July 17, 2006, he pled guilty to the offense.  See PSR at 2.  The United States Probation and Pretrial Services ("USPO") submitted his PSR to the Court on October 3, 2006.  See PSR at 1.  The PSR provides that Sanchez qualifies as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e)("ACCA"), because he had three prior violent felony convictions, all for residential burglary in New Mexico.  See PSR at 7,8 & 10-11.  With the ACCA enhancement, Sanchez' offense level is 33.[1]  See PSR at 7.  Based on a downward adjustment for acceptance of responsibility, his total offense level is 30, with a criminal history category of VI and a guideline imprisonment range of 180-210 months.  See PSR at 7, 21.  On November 10, 2006, the Court sentenced Sanchez to 180 months' imprisonment.  See Judgment at 2, filed November 10, 2006 (CR Doc. 91).

Sanchez appealed on grounds unrelated to his sentence.  The United States Court of Appeals for the Tenth Circuit affirmed his conviction on March 17, 2008.  United States v. Sanchez, No. 06-2329 (10th Cir. Mar. 17, 2008), filed April 9, 2008 (CR Doc. 100-1).  The Supreme Court of the United States of America denied Sanchez' Petition for a Writ of Certiorari

---

[1]In calculating Sanchez' base offense level, the PSR indicates that the three prior burglary convictions qualify as "crimes of violence" under § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2 of the U.S. Sentencing Guidelines Manual ("Guidelines").  PSR at 5-6. Pursuant to § 2K2.1(a), the provision that sets out the sentencing guideline for § 922(g)(1) offenses, Sanchez has a base offense level of 24 based on the prior convictions for "crimes of violence."  His total offense level is then calculated, as described above, from this base offense level.  Sanchez did not challenge his enhancement under § 4B1.2.

on October 6, 2008.  <u>See</u> Letter from Supreme Court of the United States Regarding <u>Marcos</u> <u>Sanchez v. United States</u> 1, filed October 10, 2008 (CR Doc. 102-1).  This case is his first motion under § 2255.

On the Court's reference, Judge Vidmar found that Sanchez' prior convictions for New Mexico residential burglary, NMSA 1978, § 30-16-3(A), qualified as violent felonies under the enumerated clause of the ACCA's definition of "violent felony," 18 U.S.C. § 924(e)(2)(B). Because he concludes that Sanchez' prior convictions qualified as violent felonies irrespective of the now-unconstitutional residual clause, Judge Vidmar also concludes that Sanchez' sentence enhancement was not unconstitutional and that he was not entitled to resentencing pursuant to <u>Johnson v. United States</u> and <u>Welch v. United States</u>,  <u>See</u> PFRD at 20.  He recommends that the Court deny Sanchez' Motion and Amended Motion.[2]  <u>See</u> PFRD at 20.

## <u>LAW REGARDING MOTIONS UNDER § 2255 AND JOHNSON V. UNITED STATES</u>

Pursuant to 28 U.S.C. § 2255(a), a "prisoner in custody" pursuant to a federal conviction may "move the court . . . to vacate, set aside or correct the sentence" if it "was imposed in violation of the Constitution or laws of the United States."  In <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), the Supreme Court held that the ACCA's so-called "residual clause" of the definition of "violent felony" is unconstitutionally vague.  <u>See</u> 135 S. Ct. at 125.  The ACCA defined "violent felony" as follows:

Any crime punishable by imprisonment for a term exceeding one year . . . that --

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

---

[2]Unless specifically noted otherwise, citations to document numbers refer to the docket in the civil case, case No. CIV 15-1188 JB/SMV

> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B)(emphasis added).. The closing words of this definition, italicized above, have come to be known as the "residual clause."

The Supreme Court explained that the residual clause left "grave uncertainty" about "deciding what kind of conduct the 'ordinary case' of a crime involves . . . ." Johnson v. United States (quoting United States v. Mayer, 560 F.3d 948, 952 (9th Cir. 2009)(Kozinski, C.J.)(dissenting from denial of rehearing en banc)). The residual clause "denies fair notice to defendants and invites arbitrary enforcement by judges," because it "ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." 135 S. Ct. at 2557 (quoting United States v. Mayer, 560 F.3d at 952). Second, the ACCA's residual clause leaves "uncertainty about how much risk it takes for a crime to qualify as a violent felony." Johnson v. United States, 135 S. Ct. at 2558. By combining these two indeterminate inquiries, the Supreme Court held, "the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." Johnson v. United States, 135 S. Ct. at 2558. On that ground, it held the residual clause void for vagueness. See 135 S. Ct. at 2558.

Soon thereafter, the Supreme Court determined that the ruling in Johnson is substantive as opposed to procedural and, therefore, has "retroactive effect in cases on collateral review." Welch v. United States, 136 S. Ct. 1257, 1268 (2016). Accordingly, Welch v. United States opened the door for individuals sentenced under the residual clause of the ACCA's violent-felony definition to move to vacate their sentences as unconstitutional under § 2255.

**LAW REGARDING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. Feb. 27, 2013)(Browning, J.), the plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review. The Court generally does not, however, "review the PF&RD de novo, because the parties had not objected thereto, but rather review[s] the recommendations to determine whether they clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. The Court, thus, does not determine independently what it would do if the issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. Feb. 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations of the Honorable Stephan M. Vidmar, United States Magistrate Judge, to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. Feb. 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendations to determine if they are

clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not."). This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. 140, 151 (1985)("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the Magistrate Judge's proposed findings and recommendations.

The Court, thus, does not determine independently what it would do if the issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]" United States v. 2121 E. 30th St., 73 F.3d 1057, 1060 (10th Cir. 1996). To preserve an issue, a party's objections to a PFRD must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." United States v. 2121 E. 30th St., 73 F.3d at 1060. Moreover, "theories raised for the first time in objections to the magistrate judge's report are deemed waived." United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001).

<u>**ANALYSIS**</u>

In his PF&RD, Judge Vidmar concludes that Sanchez' convictions under New Mexico's residential burglary statute qualify as violent felonies under 18 U.S.C. § 924(e)(2)(B)'s enumerated clause. In this part's remainder, the Court analyzes Sanchez' Objections to Judge Vidmar's PF&RD. The Court concludes that Judge Vidmar's conclusions are not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court, accordingly: (i) overrules Sanchez' Objections; (ii) adopts the PF&RD; (iii) denies the Defendant's Motion; (iv) denies the Defendant's Amended Motion; and (v) dismisses Case No. CIV 15-1188 JB/SMV with prejudice.

**I.      JUDGE VIDMAR CONCLUDES THAT SANCHEZ' CONVICTIONS UNDER NEW MEXICO'S RESIDENTIAL BURGLARY STATUTE QUALIFY AS VIOLENT FELONIES UNDER 18 U.S.C. § 924(e)(2)(B)'S ENUMERATED CLAUSE.**

Sanchez was designated as an armed career criminal, and, thus, his sentence was enhanced based on three prior felony convictions for New Mexico residential burglary, NMSA 1978, § 30-16-3(A). <u>See</u> PSR ¶¶ 21-22, at 7, 8, 10-11. This designation was based on a determination that his burglary convictions qualified as "violent felon[ies]" under § 924(e)(2)(B) of the ACCA. PSR at 21.

Sanchez argues that his burglary convictions qualified as violent felonies -- and, thus, counted toward his armed career criminal designation -- only under the now-invalidated residual clause, entitling him to be resentenced. <u>See</u> Amended Motion at 3. The United States argues that Sanchez' residential burglary convictions qualify as violent felonies even absent the unconstitutionally vague residual clause. <u>See</u> United States' Response to the Defendant's Motion and Supplement to Correct Sentence Under 28 U.S.C. § 2255, at 2, filed October 10, 2016 (Doc. 13)("Response to the Defendant's Motion"). The United States argues that the

residential burglary convictions qualify as violent felonies under the ACCA's so-called enumerated clause, which designates as violent felonies certain specific crimes, among them burglary.[3]  See Response to the Defendant's Motion at 2.  The United States, therefore, argues that Johnson v. United States does not apply to this case and that the Court should not resentence Sanchez.  See Response to the Defendant's Motion at 13.  Judge Vidmar agrees with the United States.  See PFRD at 20.  Judge Vidmar concludes that Sanchez' prior convictions for New Mexico residential burglary qualify as violent felonies under the enumerated clause of § 924(e)(2)(B), because he concludes that New Mexico residential burglary is substantially similar to generic burglary.  See PFRD at 20.  Because Sanchez' sentence is enhanced irrespective of the residual clause, Judge Vidmar concludes that Sanchez is not entitled to resentencing.  See PFRD at 20.

A.   **TO DETERMINE WHETHER A PAST CONVICTION QUALIFIES AS AN ENUMERATED VIOLENT FELONY, COURTS COMPARE THE ELEMENTS OF THE CRIME OF CONVICTION WITH THE ELEMENTS OF THE GENERIC OFFENSE.**

Section 924(e)(2)(B)'s enumerated clause provides that an underlying felony conviction is a "violent felony" if it "is burglary, arson, or extortion, [or] involved use of explosives."  To determine whether a past conviction qualifies as one of the offenses that § 924(e)(2)(B)(ii) enumerates, courts compare the crime of conviction's elements with the elements of the "generic" version of the listed offenses -- in other words, "the offense as commonly understood." Descamps v. United States, 133 S. Ct. 2276, 2281 (2013).  A prior conviction qualifies as an enumerated ACCA predicate offense only if its elements are the same as, or narrower than, those

---

[3]Sanchez also argues that his prior convictions do not qualify under the ACCA's so-called "force clause," which provides that a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another" is a qualifying violent felony.  Amended Motion at 4 (quoting 18 U.S.C. § 924(e)(2)(B)(i)).  The United States does not dispute this argument; it argues that the convictions qualify under the enumerated clause.

of the generic offense. See Mathis v. United States, 136 S. Ct. 2243, 2247 (2016); Descamps v. United States, 133 S. Ct. at 2281. State law defines the crime of conviction's substantive elements. See United States v. Harris, 844 F.3d 1260, 1264 (10th Cir. 2017). Federal law governs the enumerate offenses' definition and scope. See United States v. Harris, 844 F.3d at 1264; United States v. Rivera-Oros, 590 F.3d 1123, 1126 (10th Cir. 2009).

"A state statute does not need to match the generic definition verbatim." United States v. Rivera-Oros, 590 F.3d at 1133. It need only "correspond[] in substance to the generic meaning." Taylor v. United States, 495 U.S. 575, 599 (1990). "[T]o find that a state statute creates a crime outside the generic definition . . . requires a *realistic probability*, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." United States v. Rivera-Oros, 590 F.3d at 1133 (quoting Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007))(emphasis added in United States v. Rivera-Oros).

In undertaking this comparison of elements, courts generally apply the so-called "categorical approach." Courts consider only whether the elements of the crime of conviction sufficiently match the elements of the generic offense, while ignoring the case's particular facts. Mathis v. United States, 136 S. Ct. at 2248 (citing Taylor v. United States, 495 U.S. at 600-01). If the underlying statute of conviction "sweeps more broadly than the generic crime," the prior conviction cannot qualify as an ACCA predicate, irrespective whether the defendant's actual conduct in committing the crime would qualify under the generic offense. See Descamps v. United States, 133 S. Ct. at 2283.

Some statutes, however, have a more complicated structure and require a slightly different approach. A single statute may be "divisible" -- it may list elements in the alternative -- and thereby define multiple crimes. See Descamps v. United States, 133 S. Ct. at 2281. When a

statute defines multiple crimes by listing alternative elements, courts undertake the "modified categorical approach" to determine which of the multiple alternative elements lists in the statute applied to convict the defendant. <u>Descamps v. United States</u>, 133 S. Ct. at 2281. Under the modified categorical approach, a sentencing court looks to the record of conviction to determine of what crime, with what elements, a defendant was convicted. <u>See</u>, <u>e.g.</u>, <u>Descamps v. United States</u>, 133 S. Ct at 2282. The court then compares the elements of that crime, as the categorical approach commands, with the relevant generic offense's elements.

The Supreme Court has provided guidance for determining whether a statute is indivisible and, thus, whether to implement the modified categorical approach first or proceed directly to the categorical approach. <u>See</u> <u>Mathis v. United States</u>, 136 S. Ct. at 2256-57. The central question is whether the statute lists multiple elements disjunctively, thereby creating multiple different crimes, <u>i.e.</u>, a divisible statute, triggering the modified categorical approach, or whether it enumerates various factual means of committing a single element, <u>i.e.</u>, an indivisible statute, requiring the categorical approach. <u>See</u> <u>Mathis v. United States</u>, 136 S. Ct. at 2249-50. If a state court decision "definitively answers the question," then a sentencing judge "need only follow what it says." <u>Mathis v. United States</u>, 136 S. Ct. at 2256. Alternatively, "the statute on its face may resolve the issue." <u>Mathis v. United States</u>, 136 S. Ct. at 2256. If statutory alternatives carry different punishments, then they must be elements and, thus, the statute divisible, triggering the modified categorical approach. <u>See</u> <u>Mathis v. United States</u>, 136 S. Ct. at 2256 (citing <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000)). "Conversely, if a statutory list is drafted to offer 'illustrative examples,' then it includes only a crime's means of commission." <u>Mathis v. United States</u>, 136 S. Ct. at 2256 (citing <u>United States v. Howard</u>, 742 F.3d 1334, 1348 (11th Cir. 2014)).

## B. JUDGE VIDMAR CONCLUDED THAT NEW MEXICO BURGLARY, § 30-16-3, IS DIVISIBLE INTO SUBSECTION A (RESIDENTIAL BURGLARY) AND SUBSECTION B (NON-RESIDENTIAL BURGLARY), AND SANCHEZ WAS CONVICTED UNDER SUBSECTION A.

Based on <u>Mathis v. United States</u>, and the statute's plain language, Judge Vidmar first determined that § 30-16-3 is divisible into subsection A (residential burglary) and subsection B (non-residential burglary).  <u>See</u> PFRD at 7-8.  The statute reads:

**Burglary.**
Burglary consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein.

**A.**  Any person who, without authorization, enters a dwelling house with intent to commit any felony or theft therein is guilty of a third degree felony.

**B.**  Any person who, without authorization, enters any vehicle, watercraft, aircraft or other structure, movable or immovable, with intent to commit any felony or theft therein is guilty of a fourth degree felony.

NMSA 1978, § 30-16-3.  Judge Vidmar concluded that a plain-text reading of the statute shows that New Mexico burglary is divided into residential burglary and all other burglaries.  <u>See</u> PFRD at 8.  Furthermore, the subsections carry different penalties.  <u>See</u> PFRD at 8 (citing <u>Mathis v. United States</u>, 136 S. Ct. at 2256).  Subsection A is reserved for burglary of a "dwelling house," a third degree felony.  Subsection B is reserved for non-residential burglary, and burglary of a "vehicle, watercraft, aircraft or other structure, movable or immovable," a fourth degree felony.  PFRD at 8.

Because he concluded the statute is divisible, Judge Vidmar applied the modified categorical approach to determine whether Sanchez had been convicted under subsection A or subsection B.  <u>See</u> PFRD at 8 (citing <u>Mathis v. United States</u>, 136 S. Ct. at 2249 (describing the modified categorical approach)).  Neither party had submitted documentation of Sanchez' prior convictions to the Court, but both parties described his prior convictions as being for "residential

burglary" under subsection A.  <u>See</u> PFRD at 8 (citing Amended Motion at 2-3, 5; Response to the Defendant's Motion at 5-6).  Likewise, the PSR characterizes his prior burglary convictions as residential burglary convictions under subsection A.  <u>See</u> PFRD at 8 (citing PSR at 7, 8 & 10-11).  Judge Vidmar, therefore, concludes that Sanchez was convicted under subsection A of the statute.[4]

### C. JUDGE VIDMAR CONCLUDES THAT SUBSECTION A OF THE NEW MEXICO BURGLARY STATUTE (RESIDENTIAL BURGLARY) IS SUBSTANTIALLY SIMILAR TO GENERIC BURGLARY.

Having concluded that Sanchez' prior convictions were for New Mexico residential burglary, Judge Vidmar next "compare[d] the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime.'"  PFRD at 9 (quoting <u>Descamps v. United States</u>, 133 S. Ct. at 2281).  The parties agreed that <u>Taylor v. United States</u> set out the elements of generic burglary: "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime."  PFRD at 9 (internal quotation marks omitted).  The parties disputed the breadth of the locational element of generic burglary and New Mexico residential burglary.  <u>See</u> PFRD at 10.  They disputed whether the

---

[4]Judge Vidmar also rejected Sanchez' assertion that evaluating a statute's divisibility at the outset "'puts the cart before the horse.'"  PFRD at 8 n.5 (citing Mr. Sanchez's Reply to the Government Response 1, filed October 20, 2016 (Doc. 16)("Reply").  He declined Sanchez' invitation to compare the crime of conviction's elements with those of the generic offense before evaluating the statute's divisibility.  <u>See</u> PFRD at 8.  While he agreed that such an analysis is central to the case's disposition, he concludes that such analysis could be undertaken only after first concluding that the New Mexico burglary statute is divisible and that Sanchez was convicted under subsection A.  <u>See</u> PFRD at 8.  Otherwise, if he were to assume that the New Mexico burglary statute were indivisible, the relevant inquiry would be whether New Mexico burglary in its entirety -- burglary of a "vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable" --has the same elements as generic burglary.  <u>See</u> PFRD at 8.  Such an analysis would contradict the mandate of <u>Mathis v. United States</u>.  PFRD at 8 (citing <u>Mathis v. United States</u>, 136 S. Ct. at 2256 (characterizing the divisibility question ("elements or means?") as the "threshold inquiry")).

definition of "dwelling house" in subsection A of the New Mexico statute is broader than the definition of "building or other structure" in the generic offense.[5] See PFRD at 10-11.

Sanchez argues that the locational element of New Mexico residential burglary, "dwelling house," is broader than that of generic burglary, "building or other structure." Amended Motion at 9-10. He argues that New Mexico residential burglary encompasses the burglary of any of the structures listed in *either* subsection A *or* subsection B of the statute ("any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable"), provided the structure is used for habitation. Reply at 2-3, 7-8. Sanchez, therefore, concludes that a person could be convicted under subsection A for burglarizing a movable vehicle in which someone is living. See Reply at 3, 8 (arguing that a "dwelling house" can be a "watercraft, trailer, mobile home, car, RV, or even tractor-trailer truck in which a person is customarily living"). He further contends that generic burglary is limited to the burglary of a building or other "enclosed space" that is not movable. See Reply at 7 (citing Taylor v. United States, 496 U.S. at 598, and Shepard v. United States, 544 U.S. 13, 15-16 (2005)). He asserts that generic burglary does not encompass the burglary of, for example, "a boat or motor vehicle." Reply at 7 (internal quotation marks omitted). Because, as he maintains, generic burglary does not accommodate the burglary of movable structures such as motor vehicles, even where used as habitation, New Mexico residential burglary is overbroad, and his prior convictions cannot qualify as violent felonies under the enumerated clause of the ACCA. See Reply at 9. The United States

---

[5]Judge Vidmar clarified at the outset of his analysis that, in the Tenth Circuit, the generic offense of "burglary," as the ACCA enumerates it, is separate from the generic offense of "burglary of a dwelling," as the Guidelines enumerate it. See PFRD at 10 n.6. Generic burglary of a dwelling is not merely a specialized generic burglary and separate lines of case law govern the respective offenses. See PFRD at 10. Compare, e.g., United States v. Ramon Silva, 608 F.3d 663, 666-68 (10th Cir. 2010)(analyzing generic burglary), with United States v. Rivera-Oros, 590 F.3d at 1128-33 (analyzing generic burglary of a dwelling and noting that the analysis is separate from that of generic burglary).

disagrees, arguing that subsection A's plain language cabins its scope, which refers only to burglary of a "dwelling house" and does not refer to burglary of "vehicles, watercrafts, and aircrafts." Response to the Defendant's Motion at 6. The United States urges the Court not to let state law interpretations of the *non-residential* burglary subsection be conflated with *residential* burglary. See Response to the Defendant's Motion at 8-10.

Judge Vidmar found Sanchez' argument unpersuasive. See PFRD at 11. First, he concluded, New Mexico residential burglary is not as broad as Sanchez asserts, nor is it susceptible to the interpretation that Sanchez urges the Court to accept. See PFRD at 12. Rather, a plain-text reading of the statute, the Supreme Court's decision in Mathis v. United States, and the state court decisions interpreting burglary of a "dwelling house" compel a conclusion that New Mexico residential burglary does not include movable structures. See PFRD at 11-16. Nor, Judge Vidmar concludes, does the Tenth Circuit construe generic burglary as narrowly as Sanchez asserts. See PFRD at 16. Even if the New Mexico residential burglary statute were to include the burglary of a movable vehicle in which a person was living -- which it does not -- it still would comport with generic burglary as the Tenth Circuit has defined the crime. See PFRD at 16-19. Judge Vidmar concludes that there is no realistic probability that New Mexico courts would construe the residential burglary statute in a way that would render it overbroad. See PFRD at 19.

1. **Judge Vidmar concludes that subsection A of the New Mexico burglary statute does not encompass the burglary of all structures listed in § 30-16-3.**

Judge Vidmar concludes that New Mexico residential burglary -- the burglary of a "dwelling house" under subsection A of the burglary statute -- does not encompass, as Sanchez suggests, the burglary of any and all structures listed in § 30-16-3 (whether enumerated in

subsection A or subsection B), so long as the structure is being used as a habitation.[6]  Judge Vidmar first concludes that it would defy a plain-text reading of the statute and would impermissibly disregard the mandate of <u>Mathis v. United States</u> to read subsection A as including all the structures in subsection B.  <u>See</u> PFRD at 12-13.  The New Mexico Legislature purposefully separated burglary of a dwelling house from all other burglaries by dividing the burglary statute into two subsections, carrying two different punishments, based on their respective locational elements -- subsection A (dwelling houses, a third degree felony) and subsection B (vehicles, watercrafts, aircrafts, and other structures, movable or immovable, a fourth degree felony).  <u>See</u> PFRD at 12 (citing NMS 1978, § 30-16-3(A)-(B)).  Judge Vidmar noted that it would defy logic to read subsection A as encompassing burglary of a vehicle, for example, when subsection B of the very same statute -- and subsection B alone -- explicitly refers to burglary of a vehicle.  <u>See</u> PFRD at 12-13.  Likewise, he noted, it would defy logic to import a state court's analysis of "other structure" to subsection A, when that language appears only in subsection B, especially when the courts' analyses explicitly address convictions under subsection B.  PFRD at 13.  That such language appears in the "'introductory paragraph to § 30-16-3'" is immaterial when a statute is divisible, given <u>Mathis v. United States</u>' holding.  PFRD at

_____

[6]Judge Vidmar described the "tortured reading" of the New Mexico burglary statute on which Sanchez relies to argue that, when New Mexico courts interpret the meaning of any of the terms of location listed in the statute, such interpretation applies equally to both subsection A and subsection B.  <u>See</u> PFRD at 12 n.7.  Sanchez asserts that, because New Mexico courts and the Mew Mexico Uniform Jury Instructions define "dwelling house" as "any structure, any part of which is customarily used as living quarters," subsection A "incorporates the term 'structure' that is used in [subsection B]."  Reply at 2-3 (internal quotation marks omitted).  He further contends that, because the "the term 'other structure[]' also appears in the introductory paragraph to § 30-16-3, which defined all types of New Mexico burglary," New Mexico courts' analyses of that term bind subsection A as well as subsection B.  <u>See</u> Reply at 4.  Under this guise, he relies on New Mexico case law interpreting the locations enumerated in subsection B to argue subsection A's breadth.  <u>E.g.</u>, Mr. Sanchez's Supplement to His Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255, at 3-5, filed October 3, 2016 (Doc. 12)("Supplement").

13 (quoting Reply at 4). The modified categorical approach instructs courts to compare the crime of conviction against the generic offense using the specific alternative element that was used to convict the defendant -- in this case, "dwelling house" and not "vehicle, watercraft, aircraft or other structure, movable or immovable." PFRD at 13 (citing <u>Mathis v. United States</u>, 136 S. Ct. at 2256). <u>Mathis v. United States</u> directs the courts away from analyzing a statute globally when the statute, like New Mexico burglary, is divisible. <u>See</u> PFRD at 13. Judge Vidmar therefore concludes that Sanchez' reliance on New Mexico case law interpreting non-residential burglary is misplaced and declines to consider it any further.[7] <u>See</u> PFRD at 13.

Judge Vidmar next concludes that Sanchez supplies no authority to support his theory that the locations enumerated in subsection B (and the case law interpreting them) could be applied to subsection A -- that the language in the Uniform Jury Instruction defining "dwelling house" provided a hook sufficient to reel in this separate body of case law. PFRD at 13-14. Sanchez cites no case in which a New Mexico court relied on an interpretation of the non-residential burglary statute to uphold a conviction for residential burglary. <u>See</u> PFRD at 14. In fact, Sanchez cites no case at all in which a New Mexico court actually interpreted the meaning of "dwelling house" beyond citing the definition in the Uniform Jury Instructions.[8] That he

---

[7]Judge Vidmar also found unpersuasive Sanchez' citations to Tenth Circuit cases interpreting the breadth of the generic version of "burglary of a dwelling" under the Guidelines. PFRD at 13 n.8 (citing Reply at 8 n.1). A state's interpretation of one of its crimes, whatever it is named, need not track a federal Court of Appeals' interpretation of that crime's generic definition. <u>See</u> PFRD at 13.

[8]Sanchez cited to two cases that contemplate burglarized "dwelling[s]" under New Mexico's separate aggravated burglary statute, MNSA 1978, § 30-16-4, although Judge Vidmar concludes that neither altered his analysis. <u>See</u> PFRD at 14 n.9 (citing Reply at 3-4; <u>State v. Anaya</u>, 2015 WL 2092804, at *4 (N.M. May 4, 2015)(unpublished); <u>State v. Daugherty</u>, 2013 WL 4105525, at *4 (N.M. Aug. 1, 2013)(unpublished)). In both cases, the Supreme Court of New Mexico upheld convictions for aggravated burglary under § 30-16-4 where the defendants burglarized a "trailer [the victims] rented from [the defendant]," <u>State v. Anaya</u>, 2015 WL

failed to identify any such authority evidences that there is no realistic probability that the residential burglary statute would be applied in the manner which Sanchez proposes. See PFRD at 14 (citing <u>Gonzales v. Duenas-Alvarez</u>, 549 U.S. at 193).

Finally, Judge Vidmar's own review of the limited New Mexico state case law addressing the meaning of "dwelling house" compels the conclusion that he reached. PFRD at 14-16. He concluded that New Mexico courts have adopted the definition of "dwelling house" that the Uniform Jury Instructions provide: "any structure, any part of which is customarily used as living quarters.'" PFRD at 14 (quoting <u>State v. Ross</u>, 1983-NMCA-065, ¶ 11, 100 N.M. 38). State court analyses of "dwelling house," he found focus on whether the burglarized location satisfies subsection A's "living quarters" requirement. PFRD at 14-15 (citing <u>State v. Ervin</u>, 1981-NMCA-068, ¶¶ 1, 4, 96 N.M. 366 (a burglarized house is a "dwelling house," because the defendant presented no evidence that the previous occupant of the house "had abandoned the house or had no intention of returning"); <u>State v. Lara</u>, 1978-NMCA-112, ¶¶ 4-5, 92 N.M. 274 (garage attached to a residence was a dwelling house "because the garage was a part of the structure used as living quarters")). Judge Vidmar noted that, although not conclusive, this focus on "living quarters" suggests that New Mexico residential burglary encompasses only those structures lending themselves to occupancy over some fixed period of time. PFRD at 15.

---

2092804, at *1, and a "mobile home," <u>State v. Daugherty</u>, 2013 WL 4105525, at *1. Sanchez asserts that, because these cases refer to such structures as "dwellings," they provide evidence that New Mexico residential burglary encompasses "moving structures." Reply at 3-4. Judge Vidmar was not persuaded. See PFRD at 14 n.9. First, he concluded, New Mexico's aggravated burglary statute is not split into subsections, so the Court in these two decisions did not need to consider whether the burglarized structure was a dwelling. See PFRD at 14. In fact, the Court in these cases embarked on no such analysis -- it referred only to the structures in passing as a "dwelling or other structure" or a "dwelling." PFRD at 14. Finally, Judge Vidmar noted that generic burglary in the Tenth Circuit encompassed trailers and like structures used as habitations, as he set out in his PF&RD and as discussed <u>infra</u>. See PFRD at 14.

In the one case in which a New Mexico court addressed the subsection B structures in evaluating a conviction under subsection A, Judge Vidmar concludes, the Court of Appeals of New Mexico rejected the argument that Sanchez raised in his briefing. PFRD at 15-16 (citing State v. Ruiz, 1980-NMCA-123, 94 N.M. 771, superseded by statute on other grounds as stated in State v. McCormack, 1984-NMCA-042, ¶ 12, 101 N.M. 349). State v. Ruiz held that criminal trespass is a lesser included offense of residential burglary. See 1980-NMCA-123, ¶¶ 40-46. In reaching its holding, the Court explained that "[t]he offense charged was burglary of a dwelling house; thus, we are not concerned with vehicles, watercraft or aircraft, or other structures." State v. Ruiz, 1980-NMCA-123 at ¶ 39. Comparing the respective locational elements of residential burglary -- "entry of a dwelling house" -- and criminal trespass -- entry of "lands of another" -- the Court of Appeals of New Mexico stated, "includes buildings and fixtures, and is synonymous with real property." State v. Ruiz, 1980-NMCA-123 at ¶ 39 (internal quotation marks omitted). "When one enters another's dwelling house, . . . one has entered lands of another." State v. Ruiz, 1980-NMCA-123 at ¶ 39. Judge Vidmar therefore concludes that the Court of Appeals of New Mexico in State v. Ruiz stated plainly, albeit in dicta, that the locational element of residential burglary excluded vehicles and the like, and was limited to fixed structures. See PFRD at 16. The burglary statute's subsection A, he concludes, is not susceptible to the broad interpretation that Sanchez suggests. See PFRD at 16. The two subsections of New Mexico burglary, he concludes, state discrete locational elements, and the locations in subsection N cannot be read into subsection A. See PFRD at 16.

> **2.    Judge Vidmar Concludes that Generic Burglary in the Tenth Circuit Includes the Burglary of a Vehicle Used as a Habitation.**

Judge Vidmar concludes that Sanchez' argument is unavailing for an additional reason. Even if the residential burglary subsection could be read to include the burglary of a vehicle in

which a person is living -- which it cannot -- it still would not be overbroad, because generic burglary in the Tenth Circuit, he concludes, is broader than Sanchez contended.  See PFRD at 16-19.

The Supreme Court has held that generic burglary does not include the burglary of "vehicles."  PFRD at 16-17 (citing Shepard v. United States, 544 U.S. at 15-16 (generic burglary is limited to burglaries "committed in a building or enclosed space . . . , not in a boat or motor vehicle"); Mathis v. United States, 136 S. Ct. at 2250 (Iowa statute was overbroad where it reached "any building, structure, *[or] land, water, or air vehicle*" (emphasis in original)(internal quotation marks omitted))).  Relying on a recent United States Court of Appeals for the Fourth Circuit decision, Sanchez interpreted the Supreme Court's language on vehicles and movable structures to mean that generic burglary does not encompass the burglary of any movable structure, even when such structure is used as a habitation.  See Supplement at 2-3 (citing United States v. White, 836 F.3d 437 (4th Cir. 2016)).

Judge Vidmar rejected Sanchez' interpretation, because he found that the Tenth Circuit had already spoken on this issue.  See PFRD at 17-19.  In United States v. Spring, 80 F.3d 1450 (10th Cir. 1996), the Tenth Circuit held that generic burglary encompassed the burglary of a "mobile home or vehicle adapted for the overnight accommodation of person."  80 F.3d at 1462 (internal quotation marks omitted).  The Texas statute at issue in that case did "not include vehicles in the sense in which [the Supreme Court in Taylor v. United States] intended," that is, vehicles whose sole or primary purposes was transportation, rather than habitation.  See 80 F.3d at 1462.  In reaching its conclusion, the Tenth Circuit considered the difference between burglary of a building and burglary of a car: burglary of structures such as homes poses a risk of violence to the occupants of the house or other structure.  See 80 F.3d at 1462 (quoting United States v.

Sweeten, 933 F.2d 765, 771 (9th Cir. 1991), overruled by United States v. Grisel, 488 F.3d 844

(9th Cir. 2007)).  Burglary of a vehicle, by contrast, is more like a property crime; it is less

severe, because it does not pose the same risk of violent confrontation.  See 80 F.3d at 1462

(quoting United States v. Sweeten, 933 F.2d at 771).  The burglary of a mobile home or like

structure, therefore, is much more like the burglary of a home than a vehicle.  See 80 F.3d at

1462 (quoting United States v. Sweeten, 933 F.2d at 771).[9]

Judge Vidmar identified subsequent Tenth Circuit cases that have reiterated United States

v. Spring's holding.  See PFRD at 18 (citing United States v. Gamble, 130 F. App'x 941, 942-43

(10th Cir. 2005); United States v. Ramon Silva, 608 F.3d at 668 (defining generic burglary as

"coterminous" with a state statute that prohibits burglary of "a building or other place designed

to provide protection for persons or property against weather or intrusion," but that does not

include "vehicles or other conveyances whose primary purpose is transportation")(emphasis

added)(internal quotation marks omitted))).  While a generic burglary does not include

"vehicles" "'whose primary purpose is transportation,'" it includes mobile homes, trailers, and

like structures used for habitation.  PFRD at 19 (quoting United States v. Ramon Silva, 608 F.3d

at 668).  Thus, Judge Vidmar concluded, the hypothetical situation to which Sanchez repeatedly

turned in his briefing -- a person living in a movable trailer or using his vehicle as his dwelling --

would not run afoul of the definition of generic burglary in the Tenth Circuit.  See PFRD at 19.

---

[9]Judge Vidmar noted that, while the Ninth Circuit has adopted a position similar to the Fourth Circuit's, see United States v. Grisel, 488 F.3d at 850-51, other Courts of Appeals have reached the same conclusion as the Tenth Circuit.  See PFRD at 18 n.11 (citing United States v. Constante, 544 F.3d 584, 585 (5th Cir. 2008)(referencing the same Texas statute at issue in United States v. Spring and noting that the Fifth Circuit has reached the same conclusion); United States v. Nance, 481 F.3d 882, 887-88 (6th Cir. 2007)(holding that a conviction under Tennessee law for burglary of a "habitation" -- which the state statute defined to include buildings, mobile homes, and trailers, among other structures, used for overnight accommodations -- satisfies the generic definition of burglary and is a qualifying violent felony under the ACCA)).

Underlying Judge Vidmar's comparison of New Mexico residential burglary with generic burglary is the Supreme Court's mandate that there must be a "'realistic probability, not a theoretical possibility, that the [s]tate would apply its statute to conduct that falls outside the generic definition of a crime.'" PFRD at 19 (quoting Gonzales v. Duenas-Alvarez, 549 U.S. at 193). To make such a conclusion "'requires more than the application of legal imagination to a state statute's language.'" PFRD at 19 (quoting Gonzales v. Duenas-Alvarez, 549 U.S. at 193). Sanchez asks the Court to conjure a circumstance under which a person can be convicted under subsection A for burglarizing a structure listed in subsection B -- and not just any structure, but one used as a dwelling that would fall outside the Tenth Circuit's permissive conception of the locational element of generic burglary. See PFRD at 19 (citing United States v. Ramon Silva, 608 F.3d at 668). Sanchez himself did not point to any such case. See PFRD at 19. Sanchez' arguments, Judge Vidmar concluded, raise no more than a theoretical possibility that the subsection could be applied to conduct outside the generic definition. See PFRD at 19. In line with the Supreme Court and the Tenth Circuit's dictates, Judge Vidmar therefore concludes that burglary of a dwelling under § 30-16-3(A) meets the generic definition of "burglary."[10] Nor, he concluded, is there a realistic probability that the New Mexico courts would interpret the provision in a manner that would sever this correspondence in the future. See PFRD at 20. Because New Mexico's residential burglary statute, § 30-16-3(A), qualified as an enumerated "violent felony" under the ACCA, 18 U.S.C. § 924(e)(2)(B), Judge Vidmar concludes that Sanchez is not entitled to resentencing pursuant to Johnson v. United States. See PFRD at 20. He recommends that the Court deny Sanchez' § 2255 motion.

---

[10]Judge Vidmar noted that the Honorable Judge Parker, Senior United States District Judge for the United States District Court for the District of New Mexico, recently reached the same conclusion. See PFRD at 20 (citing Turrieta v. United States, No. CIV 16-0395 JP/KK (D.N.M. Oct. 28, 2016).

## II. THE COURT WILL ANALYZE SANCHEZ' OBJECTIONS TO JUDGE VIDMAR'S PFRD.

Sanchez objects to Judge Vidmar's PFRD. <u>See</u> Objections at 1. He objects to the conclusions that the New Mexico burglary statute's subsection A (residential burglary) does not encompass the structures in subsection B (non-residential burglary). <u>See</u> Objections at 2-5. He also objects to the conclusion that generic burglary in the Tenth Circuit includes the burglary of vehicles used for habitation. <u>See</u> Objections at 6-8. He therefore objects to Judge Vidmar's conclusion that New Mexico residential burglary is substantially similar to generic burglary, such that Sanchez' prior convictions under that statute qualify as enumerated violent felonies under the ACCA. <u>See</u> Objections at 8. On de novo review, the Court agrees with Judge Vidmar that New Mexico residential burglary qualifies as an enumerated violent felony under § 924(e)(2)(B). The Court will overrule Sanchez' objections.

### A. THE COURT WILL OVERRULE SANCHEZ' OBJECTIONS AS TO THE SCOPE OF NEW MEXICO RESIDENTIAL BURGLARY'S LOCATIONAL ELEMENT.

Sanchez objects to Judge Vidmar's conclusion that subsection A of the New Mexico burglary statute (burglary of a "dwelling house") does not include all the structures listed in subsection B (burglary of a "vehicle, watercraft, aircraft, or other structure"), and therefore does not include movable structures. Objections at 2. Sanchez concedes that the New Mexico burglary statute is divisible into subsection A and subsection B, and that he is convicted under subsection A. <u>See</u> Objections at 4. He maintains in his Objections, however, as he did in briefing on his motion, that all the structures in subsection B can be read into subsection A by dint of the fact that New Mexico's Uniform Jury Instruction 14-1631 defines "dwelling house" as "any <u>structure</u>, any part of which is customarily used as living quarters." Objections at 2 (emphasis added)(internal quotation marks omitted). He bases his argument on this single thread

of connectivity -- the presence of the word "structure" in the UJI -- alone.  Objections at 2-5.

Judge Vidmar concludes that Sanchez' position is contrary to the holding of Mathis v. United

States and a plain-text reading of the statute, lacking support in the case law that Sanchez cites,

and contradicted by case law Judge Vidmar himself identifies.  See PFRD at 11-12.  The Court

adopts the PF&RD's reasoning and declines to adopt Sanchez' interpretation of the New Mexico

burglary statute.  The Court will overrule his objections.

As Judge Vidmar concluded, Sanchez' interpretation of the statute is inconsistent with

Mathis v. United States and a plain-text reading of the statute.  See PFRD at 12-13.  New Mexico

burglary is divided into two subsections with discrete sets of locational elements.  Sanchez'

reading of the statute would impermissibly fuse them.  In his Objections, Sanchez asserts that

Mathis v. United States' divisibility analysis does not preclude the application of traditional

principles of statutory interpretation.  See Objections at 4.  Namely, he asserts that the meaning

given to a term in one section of a statute applies equally to the term where it is used in another

section of the same statue.  See Objections at 4.  While the Court agrees with the principles of

statutory construction, the interpretive scheme that Sanchez adduces does not apply to § 30-16-3.

The term "other structure" appears in subsection B only; it does not appear in subsection A.  His

objection on this point lacks force.

Further, Sanchez cites no case law to support his statutory interpretation.  He asserts in

his Objections that, together, UJI 14-1631 and New Mexico case law interpreting the term "other

structure" "provid[e] interpretive guidance of the term 'dwelling house.'"  Objections at 2-3

(citing State v. Foulenfont, 1995-NMCA-028, 119 N.M. 788).  The Problem for Sanchez is that

the New Mexico courts have never applied "other structure" to a conviction under subsection A

of § 30-16-3.  In his briefing and in his Objections to the PF&RD, Sanchez has cited only case

law evaluating convictions under subsection B of the statute. See State v. Foulenfont, 1995-NMCA-028, ¶ 2 (evaluating whether a fenced-in area "comes within the definition of 'structure' in Section 30-16-3(B)"); State v. Mestas, 2016-NMCA-047, ¶ 6, 370 P.3d 805 (evaluating whether a partially enclosed clerk's office in a motel lobby was a "structure," such that conviction under subsection B could be upheld); State v. Office of Public Defender ex rel. Muqqddin, 2012-NMSC-029, ¶ 61, 285 P.3d 622 (evaluating whether penetrating the gas tank of a vehicle and removing its tires satisfied the "entry" element of burglary of a vehicle under subsection B). Thus, an additional, unprecedented step is required to import interpretations of "other structure" into the definition of "dwelling house." Sanchez has not shown that this analytical leap is one that New Mexico courts have taken or likely would take. It remains an interpretation of his creation.

Finally, the small body of case law from the New Mexico courts addressing convictions under subsection A contravenes Sanchez' interpretation, and Judge Vidmar did not err in relying on it. Judge Vidmar concludes that New Mexico courts have interpreted subsection A under only limited, narrow factual circumstances -- namely, to determine whether a house or similar structure (e.g., a garage attached to a house) met the "living quarters" requirement of "dwelling house." PFRD at 14-16 (citing State v. Ervin, 1981-NMCA-068, ¶¶ 3-4; State v. Lara, 1978-NMCA-112, ¶¶ 4-5). The analyses in these cases of what constitutes a "dwelling house" are removed from the analysis Sanchez envisions. The cases do not suggest, for example, that a vehicle can be a "dwelling house." They do not stand for the proposition that a conviction under subsection A could result from the burglary of a subsection B structure. Sanchez argues that State v. Ervin suggests that whether something is a "dwelling" depends not on the nature of the structure but rather on its intended use. Objections at 5. He misses the point. Judge Vidmar

cited these cases to show that the case law has not borne out the possibility Sanchez urges -- that, for example, a vehicle could constitute a "dwelling house" if it were being used as a habitation. Courts analyzing convictions under subsection A have not incorporated the subsection B structures into their analyses. Sanchez' objection is inapposite.

Judge Vidmar also found that dicta from one case, State v. Ruiz, explicitly contradicts Sanchez' interpretation of subsection A. See PFRD at 15-16. As discussed supra, State v. Ruiz distinguished the burglary of a dwelling house from the burglary of a structure in subsection B. See PFRD at 15. In the context of holding that trespass is a lesser included offense of residential burglary, the Court of Appeals of New Mexico in State v. Ruiz noted that "'[t]he offense charged was burglary of a dwelling house; thus, we are not concerned with vehicles, watercraft or aircraft, or other structures.'" PFRD at 15 (quoting State v. Ruiz, 1980-NMCA-123, ¶ 39). Sanchez' Objection to Judge Vidmar's reliance on State v. Ruiz is not persuasive. Sanchez argues that the dicta in State v. Ruiz cannot "overcome the interpretive weight" of subsequent state court decisions interpreting "other structure." Objections at 5-6. In fact, there is no contravening case law. The "subsequent decisions" to which Sanchez refers do not provide superseding interpretive weight, because they, unlike State v. Ruiz, do not interpret subsection A. The case law that Sanchez references is interpreting subsection B. For the reasons that Judge Vidmar discusses in the PF&RD and that are adopted herein, such cases do not govern the interpretation of subsection A. Sanchez cites no contravening law interpreting a conviction under subsection A, and Judge Vidmar did not err in looking to the dicta in State v. Ruiz as guidance.

At base, Sanchez maintains in his Objections that a person could be convicted under subsection A for burglarizing a subsection B structure, such as a vehicle, in which someone is

living.  See Objections at 1-3.  He cites no case in which a New Mexico court has considered --
much less accepted -- this proposition.  Further, he does not counteract the interpretive weight of
the few cases that have interpreted subsection A, which point to the opposite conclusion.
Sanchez has not shown that there is a "realistic probability" that New Mexico residential
burglary could include "conduct that falls outside the generic definition" of burglary.  Gonzales
v. Duenas-Alvarez, 549 U.S. at 193.  The Court overrules Sanchez' objections as to the scope of
the locational element of New Mexico residential burglary.

> **B.    THE COURT WILL OVERRULE SANCHEZ' OBJECTIONS TO THE SCOPE OF THE LOCATIONAL ELEMENT OF GENERIC BURGLARY IN THE TENTH CIRCUIT.**

Sanchez also objects to Judge Vidmar's conclusion that generic burglary in the Tenth
Circuit encompasses the burglary of a vehicle used as a habitation.  See Objections at 6.
Specifically, he argues that Judge Vidmar erroneously relied on the Tenth Circuit's decision in
United States v. Spring.  See Objections at 6-7 (citing United States v. Spring, 80 F.3d at 1462).
Sanchez contends that a subsequent Supreme Court decision, Shepard v. United States, "clearly
establishes that generic burglary under the [ACCA] covers only the burglary of a building or
enclosed space," and "does not encompass burglary of a boat or motor vehicle, regardless of the
use to which that boat or motor vehicle may be put."  Objections at 7.  The Court will overrule
his objection.

First, Shepard v. United States did not announce a new rule narrowing the definition of
generic burglary.  It is true, as Judge Vidmar acknowledged in his PF&RD, that Shepard v.
United States stands for the principle that generic burglary is limited to the burglary of a
"building or enclosed space," not a boat or motor vehicle.  PFRD at 16; Shepard v. United States,
544 U.S. at 15-16.  The Supreme Court established this limiting principle of generic burglary

more than a decade earlier, in Taylor v. United States, a case that predated the Tenth Circuit's

decision in United States v. Spring.  Taylor v. United States, 495 U.S. at 599 ("A few States'

burglary statutes . . . define burglary more broadly [than generic burglary], *e.g.*, but eliminating

the requirement that the entry be unlawful, or by including places, such as automobiles and

vending machines, other than buildings.").  In fact, in Shepard v. United States, the Supreme

Court cited Taylor v. United States in setting out the definition of generic burglary.  See 544 U.S.

at 16.  Likewise, the Court in Mathis v. United States also tasked with comparing a state burglary

statute with the generic offense, cited Taylor v. United States for the rule that generic burglary

means burglary of a "building or other structure," and is narrower than a state statute

criminalizing burglary of a "land, water, or air vehicle."  Mathis v. United States, 136 S. Ct. at

2250 (internal quotation marks omitted).  These post-Taylor v. United States cases do not

appreciably alter the scope of generic burglary with respect to the exclusion of vehicles and other

like structures from the locational element.

　　　　As Judge Vidmar noted in his PF&RD, the Tenth Circuit in United States v. Spring

expressly addressed Taylor v. United States' language excluding vehicles and other movable

structures from the definition of generic burglary.  See PFRD at 17-18; United States v. Spring,

80 F.3d at 1461-62.  The Tenth Circuit reached its decision in United States v. Spring in full

recognition of generic burglary's contours as the Supreme Court discusses them in Taylor v.

United States.  See 80 F.3d at 1462 ("[T]he Texas Code definition of habitation does not include

vehicles in the sense in which *Taylor* intended.  Only vehicles which are adapted for the

overnight accommodation of persons qualify as habitations.")(internal quotation marks omitted).

Shepard v. United States did not narrow the generic burglary's scope, and Shepard v. United

States' "subsequent examination of generic burglary," Objections at 7, did not diminish <u>United States v. Spring</u>'s precedential value.

Second, even if <u>Shepard v. United States</u> in some way altered generic burglary's scope -- which it did not -- the Tenth Circuit subsequently affirmed <u>United States v. Spring</u>'s holding, as Judge Vidmar notes in his PF&RD.  <u>See</u> PFRD at 18.  In <u>United States v. Ramon Silva</u>, the Tenth Circuit characterized generic burglary as "'coterminous'" with a state statute that prohibits burglary of "'a building or other place designed to provide protection for persons or property against weather or intrusion,'" but that does not include "'vehicles or other conveyances whose primary purpose is transportation.'"  708 F.3d at 668 (quoting <u>United States v. Cummings</u>, 531 F.3d 1232, 1235-36 (10th Cir. 2008)).  While not explicitly reaffirming <u>United States v. Spring</u>'s holding, the Tenth Circuit in <u>United States v. Ramon Silva</u> characterized the locational element of generic burglary in a manner that was consistent with <u>United States v. Spring</u>.

In short, Judge Vidmar did not err in relying on the Tenth Circuit's decision in <u>United States v. Spring</u>.  He acknowledged the well-established rule that generic burglary excludes the burglary of vehicles, <u>i.e.</u>, movable structures used for transportation.  <u>See</u> PFRD at 16-17.  He explained the rule that the Tenth Circuit adopts that a vehicle used as a habitation satisfied generic burglary, and he identified subsequent Tenth Circuit case law affirming that principle. <u>See</u> PFRD at 18-19.  The Court will overrule Sanchez' Objection.

New Mexico residential burglary corresponds in substance to generic burglary, and there is no realistic probability that the New Mexico courts would interpret the residential burglary statute in a manner that would sever this correspondence in the future.  New Mexico residential burglary, NMSA 1978 § 30-16-3(A), therefore, qualifies as a violent felony under the enumerated clause of the ACCA's definition of "violent felony," 18 U.S.C. § 924(e)(2)(B).

Sanchez' prior convictions for New Mexico residential burglary qualifies as violent felonies irrespective of the now-unconstitutional residual clause. The Court will deny his Motion under § 2255.

**IT IS ORDERED** that: (i) Mr. Sanchez's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition, filed January 25, 2017 (CIV Doc. 22; CR Doc. 127), are overruled; (ii) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed December 23, 2016 (CIV Doc. 17; CR Doc. 122), is adopted; (iii) the Defendant's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. [§] 2255 (and *Johnson v. United States*), filed October 23, 2015 (CIV Doc. 1; CR Doc. 104), is denied; (iv) the Defendant's Amended Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255, filed August 8, 2016 (CIV Doc. 7; CR Doc. 112), is denied; and (v) Case No. CIV 15-1188 JB/SMV is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Aric G. Elsenheimer
Richard A. Winterbottom
Office if the Federal Public Defender
Albuquerque, New Mexico

 *Attorneys for the Plaintiff*

Damon P. Martinez
 United States Attorney
Jack Burkhead
 Assistant United States Attorney
United States Attorney's Office
District of New Mexico
Albuquerque, New Mexico

 *Attorneys for the Defendant*